UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Blatino Media, Inc.** ) | |
| **FlavaWorks Entertainment, Inc.,** ) | |
| ) | |
| Plaintiff, ) | Case No. : 1:25-CV-03397 |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| **Nicolas Gaudet-Labrosse, et al** ) | |
| ) | |
| Defendants. ) | |

## AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEEK DISCOVERY

Plaintiff, Flava Works Entertainment, Inc and Blatino Media, Inc, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2), in support of their Motion for Leave to Seek Discovery , states as follows

1. On March 31, 2025 Plaintiffs filed their Complaint naming Defendants as "John Doe" .

2. At the time of filing, Plaintiff was not aware of the legal names of the John Doe Defendants.

3. As of this date, Plaintiff still is still not aware of the legal names of the John Doe Defendants.

4. Plaintiff has identified Internet Protocol (IP) addresses and/or email addresses associated with the alleged unlawful conduct but cannot ascertain the names or contact information of the defendants without the assistance of their respective Internet Service Providers (ISPs)

5. Plaintiff seeks leave to issue Rule 45 subpoenas to ISPs for the limited purpose of obtaining the names, addresses, and other identifying information of the individuals associated with the IP addresses and/or email accounts listed in the Affidavit of Julie Evans. **Exhibit A**

6. Federal Rule of Civil Procedure 26(d)(1) provides that parties may not seek discovery before the Rule 26(f) conference unless authorized by court order.

7. The court in *Digital Sin* permitted early discovery when good cause existed and applied the following five factor test: (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, ... (2) the specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) the need for the subpoenaed information to advance the claim, ... and (5) the objecting party's expectation of privacy. <u>Malibu Media, LLC v. Doe</u>, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019)

8. Plaintiff's complaint alleges that the Defendants engaged in Copyright Infringement of Plaintiff's work. These allegations meet the standard for stating a claim upon which relief can be granted.

9. The ISPs and email service providers are the only entities capable of linking the IP addresses and email accounts to the John Doe defendants. Without this information, Plaintiff cannot identify, serve, or proceed against the defendants.

10. Plaintiff seeks only the limited information necessary to identify the defendants: their names, addresses, and other basic contact information. This information is essential to advancing this litigation and will not impose an undue burden on the ISPs.

11. Plaintiff's interest in identifying the responsible parties outweighs any potential privacy concerns, particularly because the requested information pertains only to identifying the defendants and does not extend to private or sensitive content.

Wherefore, Plaintiff respectfully requests that this Court grant leave to issue Rule 45 subpoenas to the ISPs and email service providers identified in the Affidavit of Julie Evans to obtain the names, addresses, and other identifying information of the John Doe defendants.

| | |
|---|---|
| Dated May 2, 2025 | **/s/ Hameed Odunewu**<br>**Attorney for Plaintiffs** |

FlavaWorks Entertainment, Inc.
Blatino Media, Inc.
2705 West Fulton St
Chicago, IL 60612-2003
(240) 918-2785
ARDC. No. 6346462
Hameed@flavaworks.com
*Attorneys for Plaintiff*