IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Blatino Media, Inc.<br>FlavaWorks Entertainment, Inc.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Nicolas Gaudet-Labrosse, et al.,<br><br>　　　Defendant. | No. 25-cv-03397<br><br>Judge John F. Kness |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Take Discovery. (Dkt. 13.) Plaintiff seeks expedited discovery in the form of a subpoena seeking to identify the currently unidentified defendants ("John Does"). (Dkt. 13-1 at ¶ 1, 3.) Under Rule 26(d) of the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d); *Dallas Buyers Club LLC v. Does 1–26*, No. 14-cv-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014). But courts can allow expedited discovery before a Rule 26(f) conference if, after consideration of the surrounding circumstances, the movant shows good cause for the request and the request is reasonable. *Id.* (citing *Ibarra v. City of Chi.*, No. 10 C 4450, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011)); *see also Strike 3 Holdings, LLC v. Doe*, No. 24-cv-106, 2024 WL 946293, at *1 (E.D. Wis. Feb. 5, 2024); *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *3 (N.D. Ill. Mar. 24, 2014). Other courts have recognized a similar, if more faceted, five-part test from *Sony Music Ent. Inc. v. Does 1–40* as the appropriate standard governing requests for expedited discovery. 326 F. Supp. 2d 556 (S.D.N.Y. 2004). This five-part test requires (1) a prima facie claim of actionable harm, (2) specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) a central need for the subpoenaed information to advance the claim, and (5) consideration of the defendant's privacy interests. *Id.* at 565; *see also Malibu Media, LLC v. Doe*, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019); *First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 248 (N.D. Ill. 2011).

Under either formulation of the test, Plaintiff has met its burden and is entitled to serve the requested subpoena. Plaintiff alleges it owns a valid copyright that Defendant is infringing, the information Plaintiff seeks is narrow (only the name and address of the anonymous IP address user), the information is unavailable elsewhere because Defendant is acting under an anonymous IP address, Plaintiff will

not be able to move forward with the action without Defendant's identifying information, and Defendant's minimal interest in the protection Defendant's identity is outweighed by Plaintiff's right to enforce its copyright. (*See* Dkt. 13-1 at ¶ 7–11.) Put another way, these considerations demonstrate good cause to seek reasonable expedited discovery that will not unduly prejudice Defendant. Accordingly, the motion for leave to take discovery (Dkt. 13) is granted.

SO ORDERED in No. 25-cv-03397.

Date: June 13, 2025

JOHN F. KNESS
United States District Judge