UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Blatino Media, Inc.,** | ) | |
| **FlavaWorks Entertainment, Inc.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | Case No. *1:25-cv-03397* |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Nicolas Gaudet-Labrosse,** | ) | |
| **Anthony Lava** | ) | |
| **John Doe 3 (username Alibivjstp)** | ) | |
| **John Doe 4 (username Ananti03)** | ) | |
| **Deiron Johnson** | ) | |
| **James Bautista** | ) | |
| **Tuan Tran** | ) | |
| **Ozan Gürtunca** | ) | |
| **Anthony Cordova** | ) | |
| **Marcus Dowdy** | ) | |
| | ) | |
| **Defendants** | ) | |

## AMENDED COMPLAINT

Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media, Inc. (hereinafter "Plaintiffs"), for their Complaint against Defendants state as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*; for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended. Plaintiffs bring this action to stop Defendants from infringing, promoting, encouraging, enabling and facilitating the infringement of Plaintiffs' copyrights (collectively "Plaintiffs' Intellectual Property") on the Internet.

2. Plaintiffs bring this action to stop Defendants from continuing to encourage, enable and contribute to the infringement of Plaintiffs' copyrights on the Internet. Defendant, **Nicolas Gaudet-Labrosse** joined or visited FlavaWorks' paid membership-only websites, agreed to FlavaWorks' terms and services, downloaded copyrighted videos owned by FlavaWorks, and copied and distributed the aforesaid copyrighted videos in violation of the agreed-upon terms of service.

### THE PARTIES

3. Plaintiff, FlavaWorks Entertainment, Inc is incorporated under the laws of the State of Illinois with its principal place of business at 2705 West Fulton, Chicago, Illinois 60612.

4. Plaintiff, Blatino Media, Inc. is incorporated under the laws of the State of Illinois with its principal place of business at 2705 West Fulton, Chicago, Illinois 60612.

5. On information and belief, Defendant Nicolas Gaudet-Labrosse is a resident of Canada.

6. On information and belief, Defendants, are residents of the United States of America

7. The legal names of Defendants, John Doe 1-47, are unknown to Plaintiffs and are only identifiable by their online usernames.

8. Upon information and belief, all Defendants are members of private Russian file-sharing torrent website, GayTorrent.Ru/GayTor.rent.

### JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 et seq..

10. Defendant Nicolas Gaudet-Labrosse consented to personal jurisdiction and venue in this District by agreeing to FlavaWorks' website Terms and Conditions.

11. This Court has jurisdiction over Defendants John Does 1-47, because Defendants are subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district.

## FACTS

### PLAINTIFF FLAVAWORKS ENTERTAINMENT, INC.

13. Plaintiff FlavaWorks Entertainment, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois. Plaintiff produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

14. Plaintiff Blatino Media, Inc. is an Illinois corporation also headquartered in Chicago and affiliated with the creation, licensing, and distribution of copyrighted adult content.

15. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, www.RawRods.com and www.ThugBoy.com, among others.

16. Plaintiff has applied for and has registered various copyrights for its works.

17. Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of gay adult entertainment due, in large part, to the goodwill and name

recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

18. At all relevant times, Defendant Nicolas Gaudet-Labrosse visited or joined as paid members of FlavaWorks websites.

19. Defendant Nicolas Gaudet-Labrosse agreed to the terms and conditions of the site and agreed that Defendants would not copy and distribute copyrighted videos of FlavaWorks. Copies of FlavaWorks' terms and conditions are attached as Group Exhibit "A".

20. Notwithstanding the aforesaid agreements, Defendant Nicolas Gaudet-Labrosse downloaded copyrighted videos of FlavaWorks as part of his paid memberships and, in violation of the terms and conditions of the paid sites, posted and distributed the aforesaid videos on other websites, including websites with peer-to-peer sharing and torrent technology.

21. As a result of Defendant Nicolas Gaudet-Labrosse' conduct, third parties were able to download the copyrighted videos, without permission of Plaintiffs, specifically John Does 1-47 as well as other unnamed users.

## COUNT I

**(Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501)**

22. Plaintiffs incorporate and re-alleges paragraphs 1-21 of this Complaint.

23. Plaintiffs are the owners of valid and registered copyrights in the audiovisual works at issue.

24. Defendant's conduct interferes with Plaintiffs' exclusive right to reproduce, distribute and display the copyrighted works.

25. Defendant's conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

26. Defendants' aforesaid activities constitute infringement of Plaintiffs' copyrights.

27. As a result of the injury suffered by Plaintiffs' business from Defendants' actions of direct copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

**(Contributory Copyright Infringement)**

28. Plaintiffs incorporate and re-alleges paragraphs 1-27 of this Complaint.

29. On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of Plaintiffs' Intellectual Property by copying, posting, and/or distributing Plaintiffs copyrighted videos without permission.

30. On information and belief, Defendants had actual or constructive knowledge of, or were willfully ignorant of, the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

31. Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

32. As a result of the injury suffered by Plaintiffs' business from Defendants' actions of contributory copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including

reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT III

### (Vicarious Copyright Infringement)

33. Plaintiffs incorporate and re-alleges paragraphs 1-32 of this Complaint.

34. On information and belief, Defendants had actual or constructive knowledge of, or were willfully ignorant of, the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

35. As a result of the injury suffered by Plaintiffs' business from Defendants' actions of vicarious copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count IV

### (Inducement of Copyright Infringement)

36. Plaintiffs incorporate and re-alleges paragraphs 1-35 of this Complaint.

37. On information and belief, Defendants had actual or constructive knowledge of, or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

38. Defendants' conduct constitutes inducement copyright infringement that this Court may remedy under 17 U.S.C. § 501 and common law.

39. As a result of the injury suffered by Plaintiffs business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or

statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**WHEREFORE** Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in favor of Plaintiffs, and against the Defendant Nicolas Gaudet-Labrosse for $1,500,000.00 plus attorney's fees and court costs.

2. A judgment in favor of Plaintiffs and against Defendants John Doe 1-47 in the amount $150,000.00 plus attorney's fees and court costs.

3. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

    a. Restraining and enjoining Defendants from posting any material on website(s) that infringes Plaintiffs' Intellectual Property, as well as from facilitating third-party postings of infringing material on any website(s) and/or links which enable easy access to Plaintiffs' Intellectual Property that is located on third party websites;

    b. Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Plaintiff's Intellectual Property, including Plaintiffs'

  copyrighted works, trademarks, trade dress, or any other products or symbols indicative of Plaintiffs' ownership, through use of their website(s) or otherwise;

  c. Restraining and enjoining Defendants from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiffs and any website(s);

  d. Restraining and enjoining Defendants from otherwise using, copying or otherwise exploiting Plaintiffs' copyrights and copyrighted works;

  e. Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating, retaining, selling, transferring or copying any property of Plaintiffs;

4. Requiring Defendants to submit to the Court and to serve upon Plaintiffs a report, written under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of this injunction;

5. Disgorging Defendants of any profits they may have made as a result of his or her infringement of Plaintiff's Intellectual Property;

6. Awarding Plaintiffs the actual damages sustained by Plaintiffs as a result of Defendants' infringement of Plaintiff's Intellectual Property, the amount of which is to be determined at trial;

7. Awarding Plaintiffs compensatory and punitive damages as deemed just by this Court due to Defendants' willful misconduct;

8. Awarding Plaintiffs the costs of this action, together with reasonable attorney's fees;

9. In the alternative, awarding Plaintiffs statutory damages pursuant to the Copyright Act and the Lanham Act;

10. In the alternative, awarding Plaintiffs enhanced statutory damages, pursuant to 17 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiffs copyrighted works;

11. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files containing Plaintiffs' Intellectual Property;

12. Requiring Defendants to deliver up for destruction all of Plaintiffs' Intellectual Property.

13. Awarding trebled damages for Defendants' infringement of Plaintiffs' copyrights.

14. Awarding punitive damages.

15. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

By: /s/ *Hameed Odunewu*
Hameed Odunewu

DATED: March 28, 2024

Hameed Odunewu, Esq.

FlavaWorks Entertainment, Inc, & Blatino Media, Inc.
2705 West Fulton
Chicago, IL 60612-2003

(240) 918-2785
ARDC. No. 6346462
Hameed@flavaworks.com
*Attorneys for Plaintiff*