# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| **FLAVA WORKS ENTERTAINMENT, INC.,** and **BLATINO MEDIA, INC.,** <br><br> Plaintiffs, <br><br> v. <br><br> **NICOLAS GAUDET-LABROSSE, et al.,** <br><br> Defendants. | Case No. 1:25-cv-03397 <br><br> Honorable John F. Kness |

## AFFIDAVIT OF PHILLIP BLEICHER IN SUPPORT OF

## PLAINTIFFS' STATUS REPORT ON SERVICE

I, Phillip Bleicher, am a resident of the State of Illinois over the age of 18 years. If called to testify under oath in this Case, I would testify consistently herewith.

### I. IDENTITY AND ROLE

**1.** I am the President and principal of Flava Works Entertainment, Inc. and Blatino Media, Inc. (collectively, the "Plaintiffs"), the Plaintiffs in the above-captioned action. I have personal knowledge of the facts set forth in this Affidavit and am competent to testify thereto.

**2.** Plaintiffs own and operate membership-based websites, including ThugBoy.com, CocoDorm.com, PapiCock.com, RawRods.com, MixItUpBoy.com, FlavaFlix.com, and

RawRio.com, through which they distribute copyrighted adult entertainment content. Plaintiffs' works are registered with the United States Copyright Office (the "Copyrighted Works").

**3.** This action was filed against Defendant Nicolas Gaudet-Labrosse and John Does 1–47 for copyright infringement. Plaintiffs have alleged that Defendant Nicolas Gaudet-Labrosse downloaded the Copyrighted Works from Plaintiffs' membership websites, then copied and distributed those works on third-party websites, including sites utilizing peer-to-peer sharing and torrent technology, enabling the John Doe Defendants to download and further distribute Plaintiffs' content without authorization.

## II. STATUS OF SERVICE ON NAMED DEFENDANTS

**4.** On January 21, 2026, this Court granted leave for Plaintiffs to substitute Patrick M. Jones of PMJ PLLC as counsel of record and ordered that service on all Defendants named in the First Amended Complaint be effectuated no later than February 20, 2026. On January 23, 2026, the Court further granted leave to perform electronic service on those Defendants for whom a physical address is not available.

**5.** On February 5, 2026, summons were issued for the eight (8) named Defendants in the First Amended Complaint: Nicolas Gaudet-Labrosse, Anthony Lava, Deiron Johnson, James Bautista, Taun Tran, Ozan Gurtunca, Anthony Cordova, and Marcus Dowdy.

**6.** On February 4, 2026, I personally served all eight (8) named Defendants by email at the email addresses associated with their infringing accounts, in compliance with this Court's January 23, 2026 Order. A Certificate of Service was filed on February 5, 2026 (Dkt. #45). These Defendants have twenty-one (21) days from service to respond, making their response deadline February 25, 2026.

**7.** In addition to email service, I retained a professional process server to effectuate personal service on four (4) of the named Defendants for whom we have confirmed physical addresses. Personal service is currently in progress and proof of service will be filed with the Court upon completion.

**8.** On or about February 19, 2026, Plaintiffs served all remaining John Doe Defendants for whom we have confirmed email addresses by email. These Defendants will have twenty-one (21) days from service to respond. A separate Certification of Service will follow.

### III. DISMISSALS

**9.** On February 19, 2026, Plaintiffs filed motions to dismiss the following Defendants:

> **a.** Deiron Johnson — Plaintiffs reached a confidential settlement with Defendant Deiron Johnson. Defendant Johnson's claims are dismissed with prejudice pursuant to the terms of the settlement agreement.
>
> **b.** John Doe #25 (username macaw00, email macaw00@yahoo.com) — Dismissed with prejudice.

### IV. ONGOING SETTLEMENT DISCUSSIONS

**10.** Plaintiffs are currently engaged in active settlement discussions with Defendant James Bautista (Def. #23, username jab95005). Mr. Bautista has been served and is aware of this action. Plaintiffs anticipate resolving this matter without further court intervention in the near term.

### V. EXPLANATION FOR DEFENDANTS NOT YET NAMED

**11.** The original Complaint, filed on March 31, 2025, named one individual Defendant, Nicolas Gaudet-Labrosse, and John Does 1–47. Through Plaintiffs' pre-filing investigation and enforcement systems, forty-eight (48) individuals were identified as potential Defendants. In the

course of this litigation, Plaintiffs were able to settle with or dismiss certain Defendants. The First Amended Complaint, filed on December 24, 2025, named eight (8) individual Defendants whose identities could be independently confirmed at that time.

**12.** The reason that the remaining Defendants have not yet been named is as follows: Plaintiffs did not wish to name individuals in a federal lawsuit unless and until Plaintiffs could confirm, with reasonable certainty, that the identified individual was in fact the person who engaged in the alleged infringing activity. Naming the wrong individuals in this Case could embarrass the individuals named or expose Plaintiffs to claims of abuse of process, and waste the Court's resources.

**13.** Plaintiffs' identification of the John Doe Defendants is based on email addresses associated with accounts on Plaintiffs' membership websites that were used to download copyrighted content. However, an email address alone does not always reliably identify the individual behind the account. Plaintiffs have encountered instances in this and the related case (Case No. 1:24-cv-09725) where:

> a. The name returned by a third-party subpoena does not match the name associated with the account on Plaintiffs' platform, suggesting that the account holder may have used a false name or that the email address is shared;
>
> b. The geographic information returned by the subpoena (state, zip code) does not match the information Plaintiffs have on file, raising concerns about identity accuracy; and
>
> c. In at least one instance in the related case, a subpoena response identified an individual who turned out not to be the infringer — the email address had been used by someone else, and the identified person (a spouse of a prominent

attorney) contacted prior counsel to clarify the error. That Defendant was dismissed.

**14.** To confirm the identities of the remaining John Doe Defendants, Plaintiffs are dependent on subpoena responses from internet service providers, particularly Google LLC and Microsoft Corporation, which hold subscriber and account information for the email addresses associated with the alleged infringers.

## VI. STATUS OF THIRD-PARTY SUBPOENAS

**15.** On October 7, 2025, Plaintiffs' then-counsel served a Rule 45 subpoena on Google LLC seeking identifying information for the forty-seven (47) John Doe Defendants associated with Gmail email addresses. Google's Internal Reference Number for this matter is 111385019.

**16.** Google has not complied with the subpoena. The history of Google's objections and noncompliance is as follows:

> **a.** November 12, 2025: Google objected, incorrectly claiming the subpoena was issued by a "pro se party." Plaintiffs' counsel responded the same day, providing documentation that the subpoena was signed by a licensed Illinois attorney.
>
> **b.** November 25, 2025: Google requested a copy of the Complaint. Counsel provided it on December 5, 2025.
>
> **c.** December 17, 2025: Google raised a new objection based on "potential First Amendment concerns," stating it would only produce information for the "primary user who allegedly distributed the copyrighted works" and not the broader list of Defendants. This is directly contrary to the purpose of the subpoena and the Court's order authorizing early discovery.

5

**d.** December 17, 2025: Plaintiffs' counsel responded, rejecting Google's position, noting Google's prior compliance in the related case (Case No. 1:24-cv-09725, Google Ref. No. 82891070), and demanding compliance by December 23, 2025.

**e.** Google did not respond by the December 23, 2025 deadline and has not responded since.

**f.** January 23, 2026: New counsel Patrick M. Jones wrote to Google attaching all relevant filings and prior correspondence. As of the date of this Affidavit, Google has not responded.

**17.** Google's noncompliance directly affects twenty-eight (28) Defendants whose primary or sole email addresses are Gmail accounts. Without Google's subscriber data, Plaintiffs cannot confirm the identities of these individuals with sufficient certainty to name them in the action.

**18.** Plaintiffs note that in the related case, *Flava Works Entertainment, Inc. v. Joel Lewitzky, et al.*, Case No. 1:24-cv-09725 (N.D. Ill.), Google produced the same category of subscriber and account identifying information pursuant to a materially identical subpoena issued by the same counsel. Google's refusal to do so in this case is inconsistent and unexplained.

**19.** The status of subpoenas to other providers is as follows:

**a.** Microsoft Corporation: Microsoft has indicated willingness to comply subject to agreement to their fee terms. Plaintiffs' counsel is confirming acceptance of those terms.

### VII. SUMMARY AND REQUEST

**20.** In summary, Plaintiffs have:

a. Served all eight (8) named Defendants by email in compliance with the Court's orders;

b. Retained a process server for personal service on four (4) Defendants with known physical addresses;

c. Served all remaining John Doe Defendants with confirmed email addresses on or about February 19, 2026;

d. Filed motions to dismiss two (2) Defendants (Deiron Johnson by settlement, John Doe #25 with prejudice);

e. Engaged in active settlement discussions with Defendant James Bautista; and

f. Made extensive good-faith efforts to obtain subpoena responses from Google LLC and other providers to confirm the identities of the remaining John Doe Defendants.

**21.** The principal obstacle to naming and serving all Defendants is Google LLC's continued noncompliance with a valid subpoena. Plaintiffs are prepared to seek appropriate relief from this Court, including a motion to compel, if Google does not comply.

**22.** Plaintiffs respectfully request that this Court take the foregoing into account in evaluating the status of service and scheduling, and that Plaintiffs be given additional time to name the remaining John Doe Defendants as subpoena responses are received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 19, 2026, in Chicago, Illinois.

    /s/ Phillip Bliecher
**Phillip Bleicher**

President, Flava Works Entertainment, Inc.

President, Blatino Media, Inc.