UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Blatino Media, Inc., ) | |
| FlavaWorks Entertainment, Inc., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:25-cv-03397 |
| ) | |
| v. ) | |
| ) | Hon. John F. Kness |
| Nicolas Gaudet-Labrosse, et al., ) | |
| ) | |
| Defendants. ) | |

STATUS REPORT

Plaintiffs Blatino Media, Inc. and FlavaWorks Entertainment, Inc. (collectively, "Plaintiffs"), by and through their attorney, Corinthia Hicks, Esq., respectfully submit this Status Report to update the Court on developments since the filing of Plaintiffs' prior status report on February 24, 2026 (Dkt. 50), and in advance of the hearing currently scheduled for April 8, 2026 at 9:45 a.m. (Dkt. 51).

A. ATTORNEY SUBSTITUTION

Since the last status report, Plaintiffs' counsel has changed. Attorney Corinthia Hicks entered her appearance on February 25, 2026 (Dkt. 52). The Court granted the motion to substitute counsel on March 2, 2026 (Dkt. 55), and former counsel Patrick M. Jones was withdrawn. Ms. Hicks is now the sole attorney of record for both Plaintiffs.

B. DISMISSAL OF DEFENDANTS LAVA AND BAUTISTA

Plaintiffs are simultaneously filing a Stipulation of Dismissal with Prejudice as to Defendants Anthony Lava and James Bautista.

1

Defendant James Bautista (Defendant #23, username "jab95005") is being dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Bautista never filed an answer or motion for summary judgment. Each party bears its own attorneys' fees and costs.

Defendant Anthony Lava (Defendant #2, username "Adlp1ph") is being dismissed with prejudice by stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Lava appeared pro se on March 9, 2026 (Dkt. 56) and filed a Motion for Leave to File Late Answer and to Set Aside Default (Dkt. 57). The Court directed that motion to be addressed at the April 8, 2026 hearing (Dkt. 58). That motion is now moot in light of the stipulated dismissal. Lava has signed the stipulation.

The action continues as to all remaining defendants.

## C. MICROSOFT SUBPOENA — COOPERATIVE, IN PROGRESS

Plaintiffs served a subpoena on Microsoft Corporation seeking non-content subscriber data for 26 Microsoft email accounts (Hotmail, MSN, and Outlook) associated with John Doe defendants. The subpoena package—including the subpoena, cover letter, narrowed rider limited to three categories of non-content data, and a signed Shield Law Attestation (RCW 5.51.020)—was served on Microsoft's registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703, via FedEx on March 4, 2026 (FedEx Tracking No. 889154503447, delivery confirmed, signed by M. Dierking at 9:09 a.m.).

Microsoft's outside counsel at Davis Wright Tremaine LLP ("DWT") transmitted formal objections on March 18, 2026. Despite raising standard objections, Microsoft confirmed that, upon satisfaction of preconditions—including receipt of a Shield Law attestation, prepayment of processing fees at $75.00 per account, and expiration of a 14-day subscriber notification period

2

with no formal objections from account holders—Microsoft intends to produce responsive subscriber data for all 26 accounts.

Plaintiffs' counsel sent a detailed response on March 19, 2026, confirming that all preconditions have been met and offering to remit up to $1,950.00 in processing fees upon invoice. On March 23, 2026, DWT confirmed that Microsoft is processing the request and will produce responsive data, subject to confirmation of account existence and the absence of formal objections from account holders. DWT estimated processing will take several weeks given the volume of 26 accounts.

Microsoft's cooperation stands in marked contrast to Google's posture, discussed below. Production is expected in late April or early May 2026. Plaintiffs are prepared to pay processing fees upon invoice.

## D.  GOOGLE SUBPOENA — NON-COMPLIANT

Google LLC has refused to comply with two successive subpoenas in this matter seeking non-content subscriber data for Gmail accounts associated with John Doe defendants. Google's noncompliance has persisted for over five months and now affects the identification of the majority of remaining defendants.

### 1. Background: Original Subpoena Under Prior Counsel

Plaintiffs' original subpoena (Google Internal Ref. No. 111385019) was served on October 7, 2025, seeking subscriber data for 47 Gmail accounts. As detailed in Plaintiffs' prior status report and the supporting affidavit of Phillip Bleicher (Dkt. 50/50-1), Google raised a series of pretextual objections between November and December 2025, including incorrectly claiming the subpoena was issued by a pro se party, requesting a copy of the Complaint, and ultimately raising "First Amendment concerns" while offering to produce data only for the

3

primary defendant—not the broader list of John Does authorized by the Court's June 13, 2025 discovery order (Dkt. 15). Counsel responded on December 17, 2025, rejecting Google's position and noting Google's prior voluntary compliance in the related Lewitzky case (Case No. 1:24-cv-09725). Google went silent and did not respond by the December 23, 2025 deadline. Former counsel Jones wrote to Google again on January 23, 2026. No response was received.

*2. New Subpoena Under Current Counsel*

On March 2, 2026, Plaintiffs served a new subpoena on Google (Internal Ref. No. 128297900), now seeking subscriber data for 51 Gmail accounts. On March 11, 2026, Google responded with a seven-page objection letter raising numerous objections, including: jurisdiction and the Uniform Interstate Depositions and Discovery Act; the Stored Communications Act; First Amendment concerns; Google Ireland Limited; Google Workspace; insufficient information; the 100-mile rule; and ESI burden. Google's letter concluded by stating that Google "may be willing to produce responsive non-content data" and invited a meet-and-confer.

*3. Plaintiffs' Response and Google's Continued Silence*

On March 12, 2026, Plaintiffs' counsel transmitted a detailed three-page response to Google via email to GOOGLE-LEGAL-SUPPORT@GOOGLE.COM, rebutting each objection. The response was signed by counsel via Dropbox Sign on March 12, 2026. On March 16, 2026, Plaintiffs transmitted a hard copy of the same response letter, together with all exhibits, to Google Legal Investigations Support, Google LLC, 1600 Amphitheatre Parkway, Mountain View, California 94043, via FedEx (Tracking No. 889670871758). FedEx delivery was confirmed on March 17, 2026, signed for by J. Leos.

The response made the following principal arguments:

**First,** Google's procedural objections are inconsistent with its own prior conduct. In the related matter of *FlavaWorks Entertainment, Inc. v. Lewitzky*, Case No. 1:24-cv-09725 (N.D. Ill.)—involving the same plaintiffs, the same court, and the same type of subpoena—Google voluntarily produced responsive subscriber data for 12 Gmail accounts without requiring California domestication, without objecting to service, and without requiring compliance at a California location. That production was made on February 28, 2025, accompanied by a signed Certificate of Authenticity from Meghan Schramm, Custodian of Records for Google LLC (Google Internal Ref. No. 82891070). Google has offered no explanation for its inconsistent position.

**Second,** the Stored Communications Act does not bar production. The subpoena requests only non-content subscriber data—subscriber name, address, telephone number, most recent login IP address, and billing name and address. This is the same category of basic subscriber information that providers, including Google itself, routinely produce in response to civil subpoenas in copyright cases.

**Third,** Google's remaining objections are inapplicable: all 51 accounts are @gmail.com consumer accounts (not Google Workspace); exact email addresses were provided; no deposition testimony is requested; and Plaintiffs have made a prima facie showing of copyright infringement. The sole purpose of the subpoena is to identify defendants so they may be personally named and served in this pending federal action.

The response letter set a 30-day deadline for production and was accompanied by Exhibit A (Google's prior production letter from the Lewitzky case, Ref. No. 82891070) and Exhibit B (the operative Complaint). Consistent with the prior production, Plaintiffs offered to remit $125.00 in reimbursement upon receipt of the records.

Since March 12, 2026, Plaintiffs' counsel has attempted to follow up with Google by multiple emails and telephone calls to Google's Legal Investigations Support team at (650) 253-0000, referencing Internal Ref. No. 128297900. Counsel has been unable to reach an attorney or obtain any substantive response. Google has not responded to the March 12 email, the March 17 FedEx delivery, or any subsequent follow-up communication.

*4. Current Status and Anticipated Motion to Compel*

As of the date of this filing, Google has been completely non-responsive for nearly one month. Google's noncompliance affects the identification of the majority of remaining John Doe defendants, whose primary or sole email addresses are Gmail accounts. Without Google's subscriber data, Plaintiffs cannot confirm these defendants' identities with sufficient certainty to name them in the lawsuit.

The 30-day production deadline set in Plaintiffs' March 12, 2026 response letter expires on or about April 17, 2026. If Google does not produce by that date, Plaintiffs intend to seek appropriate relief to compel Google's compliance with the subpoena. Plaintiffs will keep the Court informed of any developments and respectfully request guidance on scheduling at the continued hearing.

## E.  PROCESS SERVER FRAUD — NORTHSHORE PROCESS SERVICE NETWORK

Plaintiffs bring to the Court's attention a matter of process server fraud that has affected service of process on certain defendants. This disclosure is made in the interest of candor and to protect the integrity of the court record.

Plaintiffs retained Northshore Process Service Network ("Northshore"), a Chicago-based process serving company, to effectuate personal service on four defendants with known physical addresses. Plaintiffs paid $576.14 for the engagement (Invoice No. 9260219A). Two of the four

service attempts failed due to incorrect address information provided by Plaintiffs—Plaintiffs take full responsibility for those.

However, for the two defendants where the address information was correct—Defendants Anthony Lava and Marcus Dowdy—Northshore delivered AO 440 Proof of Service forms that are completely defective and, in Plaintiffs' view, fraudulent. Both forms, signed under penalty of perjury by Paul Neuhausen of Winnetka, California, contain: no place of service; no date of service; no time of service; no physical description of the individual served; no identity confirmation of any kind; and $0.00 listed in the total fees field. The "I personally served the summons on the individual" box is checked on both forms, but every material field documenting the service is entirely blank. The two forms are virtually identical despite purporting to document two separate service events on two different individuals at two different locations.

True and correct copies of both fraudulent AO 440 forms are attached hereto as **Exhibit A** (Anthony Lava) and **Exhibit B** (Marcus Dowdy).

When Plaintiffs identified the deficiencies on February 25, 2026, and requested corrected affidavits, Northshore initially responded "Will do" but then resent the identical blank documents. On a March 4, 2026 telephone call, Northshore claimed the process server had suffered a medical emergency and was unreachable. Plaintiffs subsequently obtained evidence—timestamped screenshots of the server's social media activity on that same date—contradicting the medical emergency claim.

On March 9, 2026, Northshore transmitted entirely new Declaration of Non-Service documents signed by a different process server—Panos G. Panoyan (Registration No. 2014133019, Los Angeles County)—covering entirely different dates than the original Neuhausen documents. Northshore then attempted to pass these off as the documents originally

7

provided to Plaintiffs. When confronted, Northshore's Managing Partner denied knowledge of Paul Neuhausen—despite the fact that Neuhausen's signed AO 440 forms were transmitted to Plaintiffs directly by Northshore's own Service Coordinator on February 24, 2026.

Plaintiffs identified this fraud, refused to file the defective documents with the Court, and are now disclosing the matter on the record. Plaintiffs are filing formal complaints against Northshore Process Service Network with the following agencies: (1) the Illinois Attorney General's Consumer Fraud Division, for accepting payment for professional services and delivering fraudulent work product; (2) the National Association of Professional Process Servers (NAPPS); and (3) the Los Angeles County Clerk, regarding process server registration compliance under California Business and Professions Code § 22350 et seq.

This disclosure explains any delay in achieving personal service on remaining defendants with known physical addresses, and demonstrates Plaintiffs' good faith in protecting the integrity of the court record by refusing to file documents Plaintiffs believe to be fraudulent. With respect to Defendant Lava, the service issue is now moot as Lava has been dismissed by stipulation. With respect to Defendant Dowdy, Plaintiffs are engaging alternative means to effectuate service.

## F.  REQUEST TO CONTINUE HEARING

Plaintiffs respectfully request that the Court continue the April 8, 2026 hearing to a date in late May 2026. Good cause exists for this continuance: (1) Microsoft's subpoena production is expected in late April or early May 2026; (2) Google's 30-day production deadline expires on or about April 17, 2026, and a motion to compel will likely follow shortly thereafter; (3) Defendant Lava's pending motion (Dkt. 57) is now moot in light of the stipulated dismissal; and (4) Plaintiffs need adequate time to evaluate subpoena responses before naming remaining John Doe defendants.

Plaintiffs note that compelling Google's compliance may require further proceedings. Plaintiffs respectfully request the Court's guidance on the appropriate procedure and timeline for that relief at the continued hearing.

## G. CURRENT STATUS OF DEFENDANTS

Dismissed with prejudice: Deiron Johnson (settlement, Dkt. 47); John Doe #25 / macaw00 (Dkt. 47); David Tam (Dkt. 19/20); James Bautista (stipulated dismissal filed herewith); and Anthony Lava (stipulated dismissal filed herewith).

Remaining named defendants: Nicolas Gaudet-Labrosse (primary defendant, Canadian national); Taun Tran; Ozan Gurtunca; Anthony Cordova; and Marcus Dowdy.

Remaining John Doe defendants: Approximately 42 unidentified defendants whose identification depends upon compliance with the Google and Microsoft subpoenas.

## CONCLUSION

Plaintiffs are actively prosecuting this action and have made significant progress since the last status report, including settling and dismissing two additional defendants, securing Microsoft's cooperation with discovery, and exhausting good-faith efforts to obtain Google's compliance. Plaintiffs respectfully request that the Court (1) continue the April 8, 2026 hearing to a date in late May 2026; and (2) provide guidance on the appropriate procedure for compelling Google's compliance with the outstanding subpoena.

Respectfully Submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Attorney for Plaintiffs

ARDC No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, Illinois 60612
Telephone: (773) 355-0510
Email: Corinthia@FlavaWorks.com

Dated: April 6, 2026

# EXHIBIT A

**Fraudulent AO 440 Proof of Service — Anthony Lava**
(Signed under penalty of perjury by Paul Neuhausen, dated February 24, 2026)
(Transmitted to Plaintiffs by Northshore Process Service Network)

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Anthony Clark

was received by me on *(date)* 02.19.2026 .

☒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 02.24.2026 _____
*Server's Signature*

Paul Neuhausen,
*Printed name and title* Process Server

8507 Fullbright Avenue,
*Server's address* Winnetka CA 91306

Additional information regarding attempted service, etc:

# EXHIBIT B

**Fraudulent AO 440 Proof of Service — Marcus Dowdy**
(Signed under penalty of perjury by Paul Neuhausen, dated February 24, 2026)
(Transmitted to Plaintiffs by Northshore Process Service Network)

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Marcus Dowdy

was received by me on *(date)* 02.19.2026

☒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 02.24.2026 _____

*Server's Signature*

Paul Neuhausen,
*Printed name and title*  Process Server

8507 Fullbright Avenue,
*Server's address*  Winnetka CA 91306

Additional information regarding attempted service, etc:

14