# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Blatino Media, Inc., )
FlavaWorks Entertainment, Inc., )
)
    Plaintiffs, ) Case No. 1:25-cv-03397
)
    v. ) Hon. John F. Kness
)
Nicolas Gaudet-Labrosse, et al., )
)
    Defendants. )

## STATUS REPORT

Plaintiffs Blatino Media, Inc. and FlavaWorks Entertainment, Inc. (collectively, "Plaintiffs"), by and through their attorney, Corinthia Hicks, Esq., respectfully submit this Status Report in advance of the in-person status hearing currently set for May 28, 2026 at 9:45 a.m. (Dkt. 61).

## A. GOOGLE SUBPOENA — RESOLVED

On April 20, 2026, Google LLC produced subscriber data responsive to Plaintiffs' subpoena, accompanied by a signed Certificate of Authenticity from its Custodian of Records. Google's production resolves the third-party discovery issue identified in Plaintiffs' April 6, 2026 status report (Dkt. 60). Plaintiffs have reviewed the production and cross-referenced the subscriber data against infringement records.

## B. MICROSOFT SUBPOENA — PRODUCTION OUTSTANDING

### 1. Background and prior subpoena.

Plaintiffs first sought subscriber data from Microsoft Corporation in this matter on October 21, 2025, when an initial subpoena seeking subscriber data for twelve (12) Microsoft email

accounts was transmitted to Microsoft's registered agent, Illinois Corporation Service Company, in Springfield, Illinois (UPS Tracking No. 1Z AK1 000 07 2379 8526; compliance date November 7, 2025). Microsoft did not respond to the October 2025 subpoena.

### 2. Re-issued subpoena and Plaintiffs' preemptive compliance measures.

Following the substitution of current counsel in February 2026, Plaintiffs prepared a narrowed subpoena specifically informed by Davis Wright Tremaine LLP's ("DWT") prior objections on Microsoft's behalf in the related matter *FlavaWorks Entertainment, Inc. v. Lewitzky*, No. 1:24-cv-09725 (N.D. Ill.) (objections dated November 5, 2025). Plaintiffs took three preemptive steps designed to facilitate prompt compliance: (i) Plaintiffs substantially narrowed the rider, eliminating prior categories (MAC addresses, full login histories, payment records, and "service usage data") and limiting the request to three categories of non-content subscriber data; (ii) Plaintiffs enclosed Phillip Bleicher's signed Shield Law Attestation (RCW 5.51.020) directly within the subpoena package; and (iii) Plaintiffs pre-agreed to prepay Microsoft's reasonable compliance costs and requested an invoice. The subpoena package was delivered to Microsoft's registered agent in Springfield, Illinois on March 4, 2026 at 9:09 a.m. CT (FedEx Tracking No. 889154503447, signed by M. Dierking).

### 3. Microsoft's March 18, 2026 objections.

On March 18, 2026, DWT transmitted formal objections on Microsoft's behalf. The objections raised standard procedural grounds — improper place of compliance, the Electronic Communications Privacy Act, foreign data privacy law, undue burden on a non-party, and others — and stated that Microsoft would produce only upon receipt of (a) a Shield Law attestation, (b) prepayment of Microsoft's reasonable costs, and (c) expiration of the 14-day subscriber notification period. The signed Shield Law Attestation had already been enclosed with the

subpoena package delivered to Microsoft's registered agent on March 4, 2026. Microsoft had not yet issued an invoice, consistent with Ms. Southerland's earlier statement that prepayment could not be invoiced until after service on the registered agent.

### 4. Plaintiffs' March 19, 2026 response.

On March 19, 2026, Plaintiffs' counsel transmitted a detailed response letter, with three exhibits (the March 2, 2026 fee schedule correspondence; the subpoena cover letter, rider, and re-enclosed Shield Law Attestation; and the FedEx delivery confirmation), addressing each of Microsoft's stated preconditions and confirming Plaintiffs' agreement to remit up to $1,950.00 upon receipt of Microsoft's invoice.

### 5. Microsoft's March 23, 2026 confirmation and timing advisement.

On March 23, 2026, Lisa Southerland of DWT confirmed that Microsoft intends to produce responsive non-content subscriber data once its procedural requirements are met. Ms. Southerland further advised that the 14-day subscriber notification period had not yet commenced, because Microsoft must first confirm the existence and location of the 26 accounts — a process Ms. Southerland represented would take "several weeks."

### 6. The 8-week processing window has elapsed.

Microsoft's standard 8-week processing window — referenced in DWT's March 18, 2026 objections and acknowledged in Plaintiffs' March 2, 2026 cover letter — expired, measured from the March 4, 2026 service date, on or about April 29, 2026.

### 7. Plaintiffs' May 14, 2026 status request and Microsoft's non-substantive response.

Having received no further communication from Microsoft since March 23, 2026, Plaintiffs' counsel transmitted a status request to DWT on May 14, 2026, asking that Microsoft provide — no later than 5:00 p.m. CT on Wednesday, May 21, 2026 — (i) the number of the 26

accounts located or confirmed to date, (ii) the current status of the 14-day subscriber notification process, and (iii) Microsoft's current estimated production date. Later that same day, DWT replied as follows:

> "At this time, the request remains with the internal team responsible for preservation requests. The request is still working its way through the queue, and we are awaiting their update regarding the account confirmations and any next steps in the notification process. We appreciate your patience while the internal review and processing steps are completed."

DWT's May 14, 2026 response did not provide any of the three categories of information requested.

### 8. Current status.

Plaintiffs first sought this subscriber data from Microsoft approximately seven (7) months ago, on October 21, 2025, and the operative re-issued subpoena has been pending with Microsoft for more than eleven (11) weeks since service on March 4, 2026. Fifty-eight (58) days have elapsed since DWT's last substantive communication, and Plaintiffs' May 21, 2026 deadline has passed without substantive response. Microsoft has not confirmed the existence of any of the 26 accounts, has not issued an invoice for prepayment, and the 14-day subscriber notification period has not commenced. Plaintiffs continue to follow up with Microsoft and remain hopeful that production will be forthcoming, and will be prepared to address Microsoft's production status and to seek the Court's guidance regarding next steps at the May 28, 2026 hearing if necessary.

## C. NAMING OF JOHN DOE DEFENDANTS

Plaintiffs are prepared to file an amended complaint naming John Doe defendants identified through Google's April 20, 2026 production. Plaintiffs anticipate, however, that

Microsoft's forthcoming production will identify additional John Doe defendants. To avoid filing two successive amended complaints and the resulting duplication of effort, Plaintiffs intend to file a single amended complaint naming all newly identified John Doe defendants after Microsoft's production is received and reviewed — unless the Court directs Plaintiffs to proceed in two separate amendments.

Plaintiffs will be prepared to address scheduling and any related matters at the May 28, 2026 hearing.

Dated: May 27, 2026                                        Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq. (ARDC No. 6352965)
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, Illinois 60612
Tel: (773) 355-0510
Email: Corinthia@FlavaWorks.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I caused the foregoing Status Report to be filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Corinthia Hicks
Corinthia Hicks, Esq.