**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Blatino Media, Inc., and | ) | |
| FlavaWorks Entertainment, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25-cv-03397 |
| | ) | |
| v. | ) | Hon. John F. Kness |
| | ) | |
| Nicolas Gaudet-Labrosse, | ) | |
| Stephen Atherton, | ) | JURY TRIAL DEMANDED |
| Seth Austin, | ) | |
| Claybourne Campbell, | ) | |
| Anthony Cordova, | ) | |
| Marcus Dowdy, | ) | |
| Michael Goerger, | ) | |
| Ozan Gürtunca, | ) | |
| Derwin Jallice, | ) | |
| John Kelly, | ) | |
| Cordel Phillips, | ) | |
| Ewan Powell, | ) | |
| Michael Rose, | ) | |
| Matthew James Tirelli, | ) | |
| Tuan Tran, | ) | |
| Jonathan Walters, | ) | |
| Paul Wiersma, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiffs, FlavaWorks Entertainment, Inc. and Blatino Media, Inc. (collectively, "Plaintiffs"), by and through their attorney, Corinthia Hicks, Esq., for their Second Amended Complaint against Defendants, state as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiffs bring this action to stop Defendants from infringing, promoting,

encouraging, enabling, and facilitating the infringement of Plaintiffs' copyrighted works (collectively, "Plaintiffs' Copyrighted Works") on the Internet, and to recover the damages caused by that infringement.

2. Each Defendant accessed Plaintiffs' websites, agreed to Plaintiffs' Terms and Conditions, obtained copyrighted videos owned by Plaintiffs, and then reproduced and/or distributed those copyrighted videos—including by downloading, uploading, and/or sharing them on the private file-sharing and torrent website GayTorrent.ru (now called GayTor.rent)—in violation of the agreed-upon Terms and Conditions and of Plaintiffs' exclusive rights under the Copyright Act.

**THE PARTIES**

3. Plaintiff FlavaWorks Entertainment, Inc. is a corporation organized under the laws of the State of Illinois, with its principal place of business at 2705 West Fulton, Chicago, Illinois 60612.

4. Plaintiff Blatino Media, Inc. is a corporation organized under the laws of the State of Illinois, with its principal place of business at 2705 West Fulton, Chicago, Illinois 60612.

5. Defendant Nicolas Gaudet-Labrosse, who used the account username "FuckYeah," is, on information and belief, a resident of Canada.

6. Defendant Stephen Atherton, who used the account username "Stevedax," is, on information and belief, a resident of the United Kingdom.

7. Defendant Seth Austin, who used the account username "Spaustin," is, on information and belief, a resident of the United States.

8.  Defendant Claybourne Campbell, who used the account username "THEMONITOR72," is, on information and belief, a resident of the United States.

9.  Defendant Anthony Cordova, who used the account username "WarGod83," is, on information and belief, a resident of the United States.

10. Defendant Marcus Dowdy, who used the account username "XyonSkits," is, on information and belief, a resident of the United States.

11. Defendant Michael Goerger, who used the account username "cosmic0057," is, on information and belief, a resident of the United States.

12. Defendant Ozan Gürtunca, who used the account username "ozan40394," is, on information and belief, a resident of Switzerland.

13. Defendant Derwin Jallice, who used the account username "furiousd2023," is, on information and belief, a resident of the United States.

14. Defendant John Kelly, who used the account username "gqjohnnie," is, on information and belief, a resident of the United States.

15. Defendant Cordel Phillips, who used the account username "cjp0689," is, on information and belief, a resident of the United States.

16. Defendant Ewan Powell, who used the account username "erudite00," is, on information and belief, a resident of the United States.

17. Defendant Michael Rose, who used the account username "user1196937," is, on information and belief, a resident of the United States.

18. Defendant Matthew James Tirelli, who used the account username "brad383," is, on information and belief, a resident of the United States.

19. Defendant Tuan Tran, who used the account username "nartnaut," is, on information and belief, a resident of the United States.

20. Defendant Jonathan Walters, who used the account username "wono85," is, on information and belief, a resident of the United Kingdom.

21. Defendant Paul Wiersma, who used the account username "tallpaul453," is, on information and belief, a resident of the United States.

## JURISDICTION AND VENUE

22. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims arise under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

23. This Court has personal jurisdiction over each Defendant. Before viewing any content on Plaintiffs' websites, each Defendant was required to and did agree to Plaintiffs' Terms and Conditions, which include the user's express consent to personal jurisdiction and venue in this District. A copy of Plaintiffs' Terms and Conditions is attached as Exhibit B.

24. This Court additionally has personal jurisdiction over each Defendant under the Illinois Long-Arm Statute, 735 ILCS 5/2-209, because each Defendant transacted business with Plaintiffs in Illinois and committed tortious acts of infringement directed at Plaintiffs, Illinois corporations, causing injury in Illinois.

25. This Court has personal jurisdiction over the foreign Defendants—Nicolas Gaudet-Labrosse (Canada), Ozan Gürtunca (Switzerland), Stephen Atherton (United Kingdom), and Jonathan Walters (United Kingdom)—because each consented to personal jurisdiction and venue in this District by agreeing to Plaintiffs' Terms and Conditions, because each purposefully directed his infringing conduct at Plaintiffs, who are located in this District, and pursuant to Federal Rule of Civil Procedure 4(k)(2).

26. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this district, because Plaintiffs and their Copyrighted Works are located in this district, and because each Defendant consented to venue in this District by agreeing to Plaintiffs' Terms and Conditions.

## FACTS

### A. Plaintiffs and Their Copyrighted Works

27. Plaintiffs produce and distribute adult entertainment in the form of DVDs, magazines, photographs, streaming video, and various other media.

28. Plaintiffs own and operate membership-based websites, including FlavaMen.com, CocoDorm.com, CocoStore.com, PapiCock.com, RawRods.com, ThugBoy.com, MixItUpBoy.com, FlavaFlix.com, and RawRio.com, through which they distribute their copyrighted adult entertainment content.

29. Plaintiffs have applied for and registered numerous copyrights for their works with the United States Copyright Office. A list of the registered Copyrighted Works at issue, together with their copyright registration numbers, is attached as Group Exhibit A.

30. Plaintiffs are recognized nationally and internationally as a leader in the production and distribution of gay adult entertainment, due in large part to the goodwill associated with their brands and the high quality of their copyrighted content.

31. Before any user may view content on Plaintiffs' websites, the user is required to agree to Plaintiffs' Terms and Conditions, which expressly prohibit copying, reproducing, downloading for redistribution, or distributing Plaintiffs' copyrighted videos, and which include the user's consent to personal jurisdiction and venue in this District.

**B. Defendants' Infringing Conduct**

32. GayTorrent.ru (now called GayTor.rent) is not a legitimate file-sharing or web-hosting service. It is a private, invitation- and payment-restricted piracy enterprise dedicated to the large-scale, unauthorized reproduction and distribution of copyrighted content, including Plaintiffs' Copyrighted Works. Access to the site is deliberately restricted and concealed, and membership, upload privileges, and download "credit" are sold to users for a fee. On information and belief, each Defendant is or was a member of GayTorrent.ru.

33. To evade detection and circumvent the scrutiny of legitimate financial institutions and payment processors, the operators of GayTorrent.ru disguise and route their users' payments through schemes designed to appear as something other than what they are—including purported "donations" and ostensible third-party "web hosting" and virtual-server services—processed under deliberately discreet billing descriptors, so that payments made for access to a website trafficking in infringing content appear to be unrelated, legitimate transactions. On information and belief, each Defendant understood

that GayTorrent.ru was a secretive enterprise dedicated to the unlawful distribution of copyrighted content.

34. Plaintiffs embed a unique, hidden identifying code within each copy of their copyrighted videos that is delivered to a member through Plaintiffs' websites. That code remains embedded in the video file when the file is copied or redistributed. As a result, when a copy of one of Plaintiffs' Copyrighted Works appears on a third-party website such as GayTorrent.ru, the embedded code identifies the specific member account through which that copy was obtained, and thereby identifies the source of the unauthorized posting.

35. Each Defendant accessed Plaintiffs' websites and, in doing so, agreed to Plaintiffs' Terms and Conditions, including the prohibition on copying and distributing Plaintiffs' Copyrighted Works.

36. Notwithstanding those agreements, each Defendant obtained Plaintiffs' Copyrighted Works and then reproduced and/or distributed those works without authorization, including by downloading, uploading, and/or sharing them on GayTorrent.ru, where third parties were able to further download and distribute them without Plaintiffs' permission.

37. Plaintiffs identified each Defendant through the email addresses and account information used to access Plaintiffs' websites, the activity associated with those accounts, third-party subpoena responses from internet service providers, and corroborating investigation.

38. Defendant Nicolas Gaudet-Labrosse, using the username "FuckYeah," accessed Plaintiffs' websites, agreed to Plaintiffs' Terms and Conditions, and is or was a member of GayTorrent.ru. Gaudet-Labrosse obtained numerous of Plaintiffs' Copyrighted Works, each bearing his unique embedded identifying code, and posted or caused to be posted

those works—numbering in the hundreds—on GayTorrent.ru and other websites. The unique codes embedded in those works identify Gaudet-Labrosse as the source of the unauthorized copies, which were in turn downloaded and shared by others, including other Defendants and unnamed third parties.

39.     Defendant Ewan Powell, using the username "erudite00," accessed Plaintiffs' websites, agreed to Plaintiffs' Terms and Conditions, and is or was a member of GayTorrent.ru. Powell obtained Plaintiffs' Copyrighted Works bearing his unique embedded identifying code and posted or caused to be posted those works on GayTorrent.ru. The unique codes embedded in those works identify Powell as the source of the unauthorized copies, which were in turn downloaded and shared by others.

40.     As a direct and proximate result of each Defendant's conduct, third parties were able to download and further distribute Plaintiffs' Copyrighted Works without Plaintiffs' permission, causing substantial and ongoing injury to Plaintiffs.

## COUNT I

### (Direct Copyright Infringement – 17 U.S.C. § 501)

41.     Plaintiffs incorporate by reference and reallege each of the foregoing paragraphs 1 through 40 as though fully set forth herein.

42.     Plaintiffs are the owners of valid and registered copyrights in the audiovisual works at issue, as identified in Group Exhibit A.

43.     Without authorization, each Defendant reproduced, distributed, and/or made available Plaintiffs' Copyrighted Works, thereby interfering with Plaintiffs' exclusive rights under 17 U.S.C. § 106 to reproduce, distribute, and display the Copyrighted Works.

44. Each Defendant's conduct constitutes direct copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

45. On information and belief, each Defendant's infringement was committed knowingly and willfully.

46. As a result of the injury suffered by Plaintiffs from each Defendant's direct copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, to be determined at trial, together with the costs of this action and reasonable attorneys' fees, and to injunctive relief to prevent future infringement.

## COUNT II

### (Contributory Copyright Infringement)

47. Plaintiffs incorporate by reference and reallege each of the foregoing paragraphs 1 through 46 as though fully set forth herein.

48. Each Defendant aided, abetted, induced, encouraged, and materially contributed to the infringement of Plaintiffs' Copyrighted Works by copying, posting, uploading, and/or distributing those works—including via GayTorrent.ru—thereby enabling third parties to download and further distribute them without authorization.

49. Each Defendant had actual or constructive knowledge of the infringing activity, and had the ability to control and stop his own infringing activity, yet failed to do so.

50. Each Defendant's conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

51. As a result of the injury suffered by Plaintiffs from each Defendant's contributory copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, to be determined at trial, together with the costs of this action and reasonable attorneys' fees, and to injunctive relief to prevent future infringement.

## COUNT III

## (Vicarious Copyright Infringement)

52. Plaintiffs incorporate by reference and reallege each of the foregoing paragraphs 1 through 51 as though fully set forth herein.

53. Each Defendant had the right and ability to supervise and control the infringing activity arising from his own accounts and conduct, and derived a direct financial or other benefit from that infringing activity, including access to Plaintiffs' Copyrighted Works and to the content shared on GayTorrent.ru.

54. Each Defendant had actual or constructive knowledge of the infringing activity and the ability to control and stop it, yet failed to do so.

55. Each Defendant's conduct constitutes vicarious copyright infringement that this Court may remedy under the Copyright Act.

56. As a result of the injury suffered by Plaintiffs from each Defendant's vicarious copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, to be determined at trial, together with the costs of this action and reasonable attorneys' fees, and to injunctive relief to prevent future infringement.

## COUNT IV

## (Inducement of Copyright Infringement)

57. Plaintiffs incorporate by reference and reallege each of the foregoing paragraphs 1 through 56 as though fully set forth herein.

58. Each Defendant distributed and made available Plaintiffs' Copyrighted Works—including by uploading them to GayTorrent.ru—with the object of promoting and encouraging their further unauthorized reproduction and distribution by third parties.

59. Each Defendant took affirmative steps to foster infringement by third parties and intended that third parties use the uploaded works to infringe Plaintiffs' copyrights.

60. Each Defendant's conduct constitutes inducement of copyright infringement that this Court may remedy under 17 U.S.C. § 501 and applicable law.

61. As a result of the injury suffered by Plaintiffs from each Defendant's inducement of copyright infringement, Plaintiffs are entitled to recover actual and/or statutory damages, to be determined at trial, together with the costs of this action and reasonable attorneys' fees, and to injunctive relief to prevent future infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FlavaWorks Entertainment, Inc. and Blatino Media, Inc. respectfully request that this Honorable Court enter judgment in their favor and against each Defendant, and grant the following relief:

a.  A judgment in favor of Plaintiffs and against Defendant Nicolas Gaudet-Labrosse in the amount of $1,500,000.00, plus reasonable attorneys' fees and the costs of this action;

b.      A judgment in favor of Plaintiffs and against each of the remaining Defendants in the amount of $150,000.00 per Defendant, plus reasonable attorneys' fees and the costs of this action;

c.      A temporary restraining order, preliminary injunction, and permanent injunction enjoining each Defendant, and his agents, servants, representatives, employees, attorneys, successors, assigns, and all persons acting in concert with him, from: (a) posting any material that infringes Plaintiffs' Copyrighted Works on any website, or facilitating third-party postings of infringing material; (b) distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Plaintiffs' Copyrighted Works; and (c) otherwise using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of Plaintiffs;

d.      An order requiring each Defendant to submit to the Court and serve upon Plaintiffs a report, under oath, setting forth in detail the manner and form in which each Defendant has complied with the injunction;

e.      An order disgorging from each Defendant any profits made as a result of his infringement of Plaintiffs' Copyrighted Works;

f.      An award of the actual damages sustained by Plaintiffs as a result of each Defendant's infringement, in an amount to be determined at trial;

g.      In the alternative, an award of statutory damages pursuant to the Copyright Act;

h.      In the alternative, an award of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2) for each Defendant's willful infringement of Plaintiffs' Copyrighted Works;

i.  An order requiring each Defendant, within ten (10) days after entry of any preliminary or permanent injunction, to turn over any files containing Plaintiffs' Copyrighted Works, and to deliver up for destruction all infringing copies of Plaintiffs' Copyrighted Works;

j.  An award of Plaintiffs' costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

k.  Such other and further relief as this Court deems just, reasonable, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

FLAVAWORKS ENTERTAINMENT, INC.
and BLATINO MEDIA, INC.

By: /s/ Corinthia Hicks
Corinthia Hicks, Esq.
ARDC No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, Illinois 60612
Telephone: (305) 438-9450
Email: corinthia@flavaworks.com
Attorney for Plaintiffs

Dated: June 22, 2026