**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Blatino Media, Inc., and<br>FlavaWorks Entertainment, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Nicolas Gaudet-Labrosse, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br>Case No. 1:25-cv-03397<br><br>Hon. John F. Kness<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANT CLAYBOURNE CAMPBELL AND FOR LEAVE TO SERVE HIM BY ALTERNATIVE MEANS**

Plaintiffs FlavaWorks Entertainment, Inc. and Blatino Media, Inc. ("Plaintiffs"), by their counsel, move under Federal Rules of Civil Procedure 4(e)(1) and 4(m), 735 ILCS 5/2-203.1, and Neb. Rev. Stat. § 25-517.02 for an order (1) extending the time to serve Defendant Claybourne Campbell by fourteen days, (2) authorizing service on him by electronic mail, and (3) if two further attempts at personal service during the extended period are unsuccessful, authorizing service by posting the papers on the door of his residence and mailing a copy to that address. In support, Plaintiffs state as follows:

**BACKGROUND**

1. Defendant Claybourne Campbell (username "THEMONITOR72") is named in the Second Amended Complaint at ¶ 8. (Dkt. 66.) The Clerk issued a Summons to him on July 29, 2026. (Dkt. 89-8.)

2. Defendant Campbell resides at 1816 Dorcas Street, Omaha, Nebraska 68108. Nebraska motor-vehicle registration records list Claybourne D. Campbell as the registered owner of a 2017 Cadillac XT5. (Exhibit A-1.)

3. In mid-September 2026, Plaintiffs retained D-TECT Investigations, LLC, an Omaha-based Nebraska licensed private detective agency, to serve Defendant Campbell personally at that address. The assignment was handled by its lead investigator, Scott Daugherty.

4. Mr. Daugherty made multiple attempts to serve Defendant Campbell at the residence, at different times of day, beginning on Tuesday, September 22, 2026, at 5:17 p.m., as shown by his date-, time-, and location-stamped photograph of the front door. (Exhibit A-2.)

5. Mr. Daugherty has reported to Plaintiffs that during his attempts at the residence: (a) Defendant Campbell's Cadillac was parked in the driveway, which Mr. Daugherty confirmed by running its license plate; (b) an adult female resident of the home answered the door and refused to accept the papers; and (c) Mr. Daugherty observed Defendant Campbell inside the residence, behind her. Defendant Campbell did not come to the door.

6. On Tuesday, September 29, 2026, at 1:50 p.m., Mr. Daugherty affixed the Summons and the Second Amended Complaint, in a sealed plastic sleeve, to the front door of the residence. (Exhibit A-3 (time-stamped photographs).) Plaintiffs do not contend that this posting, made without a court order, by itself constitutes service under Rule 4(e).

7. Mr. Daugherty is preparing a sworn affidavit setting out each attempt in detail. Plaintiffs will file it as a supplement to this motion upon receipt.

8. Defendant Campbell also has a working email address. He has used the address cdcampbell72@msn.com to correspond with Plaintiffs about the claims in this case, and

correspondence Plaintiffs have sent to that address, most recently in October 2026, has not been returned as undeliverable.

**ARGUMENT**

**I. The Court Should Extend the Time to Serve Defendant Campbell.**

9. Rule 4(m) requires the Court to extend the time for service if the plaintiff shows good cause, and permits the Court to extend the time even absent good cause. Fed. R. Civ. P. 4(m); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).

10. Good cause exists. Plaintiffs located Defendant Campbell's residence, hired a licensed Omaha investigator, and made repeated attempts at his home. Service has not been completed because a member of his household turned the process server away at the door while Defendant Campbell remained inside. A defendant should not be able to defeat service by declining to come to the door. Plaintiffs respectfully request that the time to serve Defendant Campbell be extended by fourteen (14) days from the date of the Court's order, and that Defendant Campbell not be dismissed for lack of service pursuant to the Court's August 18, 2026 order (Dkt. 94).

**II. The Court Should Authorize Service by Alternative Means.**

11. Rule 4(e)(1) permits service on an individual in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Both Illinois (where this Court sits) and Nebraska (where service is to be made) authorize a court to order an alternative method of service when the ordinary methods have failed.

12. Under Illinois law, when personal or abode service on an individual is impractical, the plaintiff may move, without notice, for an order directing a comparable method of service,

supported by an affidavit describing the investigation made to locate the defendant and the reasonable efforts made to serve him. 735 ILCS 5/2-203.1. The court "may order service to be made in any manner consistent with due process." *Id.*

13. Nebraska law likewise provides that, upon a showing by affidavit that service cannot be made with reasonable diligence by any other statutory method, the court may permit service by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address, or by any other manner reasonably calculated under the circumstances to provide actual notice of the proceedings and an opportunity to be heard. Neb. Rev. Stat. § 25-517.02.

14. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

15. Further attempts at personal or abode service are impractical: Defendant Campbell is home, his household refuses the papers, and he will not come to the door. Service by electronic mail to cdcampbell72@msn.com — an address Defendant Campbell has used to correspond with Plaintiffs about these claims, and at which Plaintiffs' correspondence has not been returned as undeliverable — is reasonably calculated to give him actual notice of this action and satisfies due process. Plaintiffs will file Mr. Daugherty's affidavit as a supplement upon receipt.

16. In addition, Plaintiffs intend to make two further attempts at personal service during the extended period. If those attempts are also unsuccessful, Plaintiffs request leave to serve Defendant Campbell by affixing the papers securely to the front door of his residence and mailing a copy to him at that address by first-class U.S. mail. That method is expressly

contemplated by Nebraska law, Neb. Rev. Stat. § 25-517.02, and, together with service by electronic mail, leaves no realistic doubt that Defendant Campbell will receive actual notice of this action.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court enter an order:

(a) extending the time to serve Defendant Claybourne Campbell under Rule 4(m) by fourteen (14) days from the date of the Court's order, and declining to dismiss him for lack of service under the Court's August 18, 2026 order (Dkt. 94);

(b) authorizing Plaintiffs to serve Defendant Campbell with the Summons, the Second Amended Complaint and its exhibits, and the Court's order by electronic mail to cdcampbell72@msn.com, with service deemed complete upon transmission;

(c) further authorizing Plaintiffs, if two further attempts at personal service during the extended period are unsuccessful, to serve Defendant Campbell by affixing the Summons, the Second Amended Complaint and its exhibits, and the Court's order to the front door of his residence, 1816 Dorcas Street, Omaha, Nebraska 68108, and mailing a copy to him at that address by first-class U.S. mail; and

(d) granting such other relief as the Court deems just.

Dated: October 20, 2026

Respectfully submitted,

FLAVAWORKS ENTERTAINMENT, INC. and
BLATINO MEDIA, INC.

By: /s/ Corinthia Hicks
Corinthia Hicks, Esq. (ARDC No. 6352965)
2705 West Fulton Street
Chicago, Illinois 60612
Tel: (773) 355-0510
Email: Corinthia@FlavaWorks.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I electronically filed the foregoing, together with its exhibits, with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. Defendant Claybourne Campbell has not appeared in this action.

/s/ Corinthia Hicks
Corinthia Hicks, Esq.

# EXHIBIT A

Photographs and Records from Process Server Scott Daugherty

D-TECT Investigations, LLC — Omaha, Nebraska

## Exhibit A-1

Nebraska vehicle registration — 2017 Cadillac XT5, registered owner Claybourne D. Campbell (plate redacted



**Exhibit A-2**

First attempt, 1816 Dorcas St., Omaha, NE — September 22, 2026, 5:17 p.m.



# Exhibit A-3

Papers posted on front door, 1816 Dorcas St. — September 29, 2026, 1:50 p.m.






# Exhibit A-3 (continued)

Posted Summons (Dkt. 89-8) addressed to Claybourne Campbell — September 29, 2026






Case: 1:25-cv-03397 Document #: 89-8 Filed: 07/29/26 Page 1 of 2 PageID #:273

AO 440 (Rev. 06/12) Summons in a Civil Action

UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Blatino Media, Inc., and FlavaWorks Entertainment, Inc.
*Plaintiff(s)*
v.
Nicolas Gaudet-Labrosse, et al.
*Defendant(s)*

Civil Action No. 1:25-cv-03397

SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Claybourne Campbell
1816 Dorcas St
Omaha, NE 68108

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Corinthia Hicks, Esq.
ARDC No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, Illinois 60612
Telephone: (305) 438-9450
Email: corinthia@flavaworks.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

THOMAS G. BRUTON, CLERK

Date: July 29, 2026

*Signature of Clerk or Deputy Clerk*
(By) DEPUTY CLERK